IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 12-44 Erie |
| v. ) | |
| ) | |
| GREGORY LAMONT CROSBY ) | |
| ) | |

## MEMORANDUM ORDER

Defendant, Gregory Lamont Crosby, was indicted by a federal grand jury in Erie, Pennsylvania on August 21, 2012 for failing to register as a convicted sex offender as required under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a) after traveling in interstate commerce. [ECF No. 1]. Presently pending before the Court is the Defendant's Motion to Dismiss the Indictment. [ECF No. 16]. For the reasons that follow, the Motion will be denied.

### I. Background

In 2002, Defendant pled guilty in Chautauqua County, New York to the crime of Attempted Rape in the First Degree. *See* [ECF No. 17] p. 1. He was sentenced for this crime on January 27, 2003 to three and one-half years of incarceration, to be followed by four years of supervision. *Id*. Following his release from incarceration, Defendant registered as a sex offender in New York. *Id*.

Defendant's parole was subsequently revoked for failing to comply with his conditions of release, and he was reincarcerated on or about July 18, 2005. *Id*. On July 18, 2008, Defendant was again released from incarceration with instructions to appear at a halfway house in Buffalo, New York. *Id*. According to the Government, prior to his release, Defendant signed several forms advising him of his obligations as a registered sex offender. *Id*. Defendant failed to appear at the halfway house in Buffalo and was arrested in Erie Pennsylvania on November 8, 2008. *Id*. at pp. 1-2.

1

Defendant was charged and convicted for violating 18 U.S.C. § 2250(a) in the United States District Court for the Western District of New York. *Id*. at p. 2. He was sentenced to 21 months incarceration to be followed by three years of supervised release. *Id*. Following his release from incarceration, Defendant allegedly violated his supervised release conditions, and a petition was filed in the Western District of New York, alleging, *inter alia*, that his whereabouts were unknown after he failed to move to the Buffalo City Mission as instructed by his federal probation officer. *Id*. He was subsequently arrested in Erie, Pennsylvania on or about May 25, 2012. *Id*. On July 24, 2012, following a hearing in Buffalo, Defendant's supervised release was revoked and he was sentenced to twelve months and one day of imprisonment to be followed by one year of supervised release. *Id*.

According to the Government, while in Buffalo, Defendant admitted that he had left Buffalo and traveled to Erie on April 17, 2012. *Id*. Defendant further allegedly admitted that he did not register as a sex offender in Pennsylvania. *Id*. He was subsequently indicted by a federal grand jury in Erie, Pennsylvania for allegedly violating 18 U.S.C § 2250(a). *See* [ECF No. 1].

Defendant has moved to dismiss the Indictment, arguing that Congress violated the non-delegation doctrine by delegating to the Attorney General the authority to determine the applicability of SORNA to offenders, such as Defendant, who were convicted of their sex offenses before SORNA was enacted. The Government has filed a Response [ECF No. 17], and the matter is now ripe for disposition.

## II. Discussion

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, *codified at* 42 U.S.C. § 16901. SORNA was enacted as Title I of the Act, for the purpose of "protect[ing] the public from sex offenders and offenders against children" by establishing "a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. Each jurisdiction is required to maintain a sex offender registry, which includes certain identifying

2

information about the sex offender,[1] such as his residence, place of employment and/or school, physical description, criminal history, fingerprints, photograph, DNA sample, and a copy of a valid identification card. 42 U.S.C. §§ 16912, 16914. SORNA also requires all sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Criminal sanctions, which are set forth in 18 U.S.C. § 2250(a), make it a federal offense for a convicted sex offender to travel in interstate commerce without registering in his new state or updating his registration in his old state, and is punishable by a fine and/or imprisonment for up to ten years. 18 U.S.C. § 2250(a).

SORNA's registration requirements apply to all defendants who commit a qualifying sex offense after the statute's enactment in July 2006. With regard to those defendants who committed sex offenses prior to SORNA's enactment, SORNA states:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d). Pursuant to this grant of authority, the Attorney General issued an interim rule on February 28, 2007 providing, in pertinent part, that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of [an] offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3.

---

[1] A "sex offender" is an individual "convicted of a sex offense." 42 U.S.C. § 16911(1). "Sex offense" is defined to include "specified offenses against minors" as well as a "criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(I). "Sex offenders" are classified into three tiers, depending upon the seriousness of the offense. Id. at § 16911(2)-(4). An offender's tier determines the duration of his required registration period, which ranges from 15 years to life. 42 U.S.C. § 16915.

On July 2, 2008, the Attorney General issued a final regulation expressing the same. 28 C.F.R. § 72.3.

Defendant contends that SORNA violates the non-delegation doctrine because Congress impermissibly delegated to the Attorney General the authority to decide whether the statute applies retroactively. *See* [ECF No. 16] p. 5. "The nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of government." *Mistretta v. United States*, 488 U.S. 361, 371, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). It arises from Article I, Section I of the United States Constitution, which states that "[a]ll legislative powers herein granted shall be vested in a Congress of the United States." U.S.Const., art. I, § 1. The non-delegation doctrine prohibits Congress from abdicating or transferring to others "the essential legislative functions with which it is [constitutionally] vested." *Panama Refining Co. v. Ryan*, 293 U.S. 388, 421, 55 S.Ct. 241, 79 L.Ed. 446 (1935).

Congress is not prohibited however, from obtaining the assistance of the other branches of government, so long as it "lay[s] down by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform." *Mistretta*, 488 U.S. at 372-73 (citations and internal alterations omitted). Under the "intelligible principle" test, a delegation of legislative power will be deemed "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." *Mistretta*, 488 U.S. at 372-73 (quoting *American Power & Light Co. v. SEC*, 329 U.S. 90, 105, 67 S.Ct. 133, 91 L.Ed. 103 (1946)).[2]

The Third Circuit has not yet ruled on whether the discretion granted to the Attorney General under 42 U.S.C. § 16913(d) offends the non-delegation doctrine.[3]

---

[2] The Supreme Court has not struck down a statute on non-delegation grounds since 1935. *United States v. Whaley*, 577 F.3d 254, 263 (5th Cir. 2009) (citing *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935); *ALA Schechter Poultry Corp. v. United States*, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935)).

[3] This issue is currently pending before the Third Circuit on remand of *United States v. Reynolds*, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012).

However, every circuit court that has considered the issue has concluded that it does not. *See United States v. Parks*, 698 F.3d 1, 7-8 (1st Cir. 2012) (rejecting a non-delegation challenge, noting that all other circuits that have addressed the issue have rejected the challenge); *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012) ("Congress's delegations under SORNA possess a suitable intelligible principle and are well within the outer limits of the Supreme Court's nondelegation precedents.") (internal marks and citations omitted); *United States v. Rogers*, 468 Fed. Appx. 359, 362 (4th Cir.) ("The Attorney General's exercise of discretion is adequately cabined by [SORNA's] clear statement of purpose.") *cert. denied*, 133 S.Ct. 157, 184 L.Ed.2d 78 (2012); *United States v. Guzman*, 591 F.3d 83, 93 (2d Cir.) (rejecting a non-delegation challenge and noting that the "Attorney General's authority under SORNA is highly circumscribed."), *cert. denied*, 130 S.Ct. 3487, 177 L.Ed.2d 1080 (2010); *United States v. Whaley*, 577 F.3d 254, 264 (5th Cir. 2009) ("SORNA's statement of purpose, to 'establish a comprehensive national system' of sex offender registration to 'protect the public from sex offenders and offenders against children,' 42 U.S.C. § 16901, is an intelligible principle that guides the Attorney General in exercising his discretion."); *United States v. Ambert*, 561 F.3d 1202, 1213 (11th Cir. 2009) ("We are satisfied that Congress has provided the Attorney General with 'intelligble principles' in [SORNA]."); *United States v. Dixon*, 551 F.3d 578, 583-84 (7th Cir. 2008) (rejecting a non-delegation challenge noting "it is commonplace and constitutional for Congress to delegate to executive agencies the fleshing out of criminal statutes by means of regulations.") *rev'd on other grounds by Carr v. United States*, 130 S.Ct. 2229, 176 L.Ed.2d 1152 (2010).[4]

---

[4] We also note that two district courts in this district have held that § 16913(d) does not violate the non-delegation doctrine. *See United States v. Williams*, 2012 WL 5208651 at *4 (W.D.Pa. 2012) (Diamond, J.) (denying the defendant's motion to dismiss the indictment alleging a violation of 18 U.S.C. § 2250(a), concluding that Congress "provided an intelligible principle to the Attorney General in delegating authority to determine the applicability of SORNA to sex offenders convicted before its enactment."); *United States v. Honaker*, 2012 WL 2952367 at *2 (W.D.Pa. 2012) (Cohill, J.) (denying the defendant's motion to dismiss the indictment alleging a violation of 18 U.S.C. § 2250(a), holding "We conclude that the discretion granted to the Attorney General does not violate the nondelegation doctrine.").

While the above decisions are not binding on this Court, we find their reasoning persuasive and join them in concluding that there is no constitutional infirmity with respect to Congress' delegation of discretion to the Attorney General under these circumstances.[5]

### III. Conclusion

An appropriate Order follows.

AND NOW, this 8th day of January, 2013, and upon consideration of the Defendant's Motion to Dismiss the Indictment [ECF No. 16], and for the reasons set forth above,

IT IS HEREBY ORDERED that the Motion [ECF No. 16] is DENIED.

        s/ Sean J. McLaughlin
        United States District Judge

cm: All parties of record

---

[5] In *Reynolds v. United States*, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012), the Supreme Court held that SORNA's registration requirements do not apply to pre-Act offenders who failed to register in the period between July 27, 2006, when SORNA was enacted, and the date the Attorney General validly specified that the Act's registration provisions applied to them. *Reynolds*, 132 S.Ct. at 978-79. The Supreme Court, however, specifically declined to address the non-delegation issue, stating "we express no view on Reynolds' related constitutional claim." *Id*. at 981.